IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHARLENE BREEZE,<br><br>                      Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner,<br>Social Security Administration,[1]<br><br>                      Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT & RECOMMENDATION**<br><br>Case No. 4:21-cv-00107-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

       Magistrate Judge Paul Kohler's Report and Recommendation[2] under 28 U.S.C. § 636(b)(1)(B) recommends affirmation of the Commissioner's decision denying Plaintiff Sharlene Breeze's claim for social security disability benefits and supplemental security income.

       De novo review has been completed of those portions of the report, proposed findings and recommendations to which objection was made, including the record that was before the Magistrate Judge and the reasoning set forth in the Report and Recommendation.[3]

       Under de novo review in a social security case, the district court judge, like the magistrate judge, reviews the commissioner's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[4] "Substantial evidence is such relevant evidence as a reasonable mind

---

[1] Pursuant to Fed. R. Civ. P. 25(d) and the last sentence of 42 U.S.C. § 405(g), Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

[2] [Docket no. 25](#), filed July 8, 2022.

[3] 28 U.S.C. § 636(b).

[4] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

might accept as adequate to support a conclusion."[5] "It requires more than a scintilla, but less than a preponderance."[6] The court will not reweigh the evidence or substitute its judgment for the commissioner's.[7]

Ms. Breeze argues in her Objections to the Magistrate's Report and Recommendation that the administrative law judge's ("ALJ") "failure to properly evaluate the impact of [her] repeated hospitalizations and other treatment as required by Social Security Rulings ('SSR') 13-2p and 96-8p, is legal error that requires this case to be remanded."[8]

Incorporated into her primary argument, Ms. Breeze also argues that the ALJ committed error when stopping at step two of the six step analysis under SSR 13-2p to determine whether drug addiction or alcoholism ("DAA") was material to a finding of disability.[9] Ms. Breeze argues that "[i]n cases involving substance abuse, the Agency requires the ALJ to make findings as to whether the substance or alcohol abuse is material to the finding of disability." Ms. Breeze appears to assert that the ALJ "must perform" the entire six step analysis under SSR 13-2p. This understanding of SSR 13-2p is incorrect. To the contrary, the ALJ precisely followed the guidance of SSR 13-2p by stopping at step two because the ALJ did not find Ms. Breeze was disabled after considering all impairments, including DAA. This course of action is prescribed by SSR 13-2p and was not error.[10] Materiality is only evaluated if a disability is determined, and the ALJ did not find a disability, even including all impairments and DAA.

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] Docket no. 26, filed July 22, 2022.

[9] Docket no. 26 at 2-3, 5, filed July 22, 2022.

[10] Soc. Sec. Ruling, SSR 13-2p, 2013 WL 621536 (Feb. 20, 2013).

Additionally, Ms. Breeze points to her hospitalizations and inpatient treatment from late 2018 onward as dispositively undercutting the ALJ's determination of her residual functional capacity ("RFC") and finding that she could work sufficiently to determine she is not disabled.[11] As support, Ms. Breeze details the circumstances of a chronology of hospitalizations, arguing these fact alone demonstrate the ALJ's decision was error.[12] But the ALJ clearly considered these hospitalizations in his analysis, as seen in multiple pages describing these hospitalization and other occurrences, detailing the circumstances of the visits, the treatments, the reported responses to treatments (including Ms. Breeze's self-reported assessments), details about Ms. Breeze's substance and alcohol use and abuse, mood, health, reported levels of activity, sleep patterns, levels of depression and anxiety, suicidal ideation, hallucinations, grooming, communication, judgment, concentration, cooperation, memory, outlook, and further recommended treatment, among other things.[13]

Ms. Breeze argues that the number of days she was hospitalized supports a finding of disability. And while it is true that some of the factual record Plaintiff cites, including the amount of time hospitalized, could support a finding that she was disabled, other details about the circumstances of these hospitalizations support the ALJ's determination that Ms. Breeze had an RFC that would allow her to perform light work with restrictions. When "the record contains support for both the notion" that a claimant has "extreme deficiencies" and "the notion that [their] mental limitations are not that severe," the ALJ is "entitled to resolve such evidentiary conflicts."[14] And the ALJ carefully evaluated the totality of circumstances of Ms. Breeze's

---

[11] Docket no. 26 at 3-6, filed July 22, 2022

[12] Docket no. 26 at 3-5, filed July 22, 2022

[13] R. at 25-32.

[14] *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016).

medical history including her hospitalizations in making his determinations. To reweigh the evidence in the record is a task reviewing courts may not perform.[15]

In sum, the factual findings of the Commissioner are supported by substantial evidence and the correct legal standards were applied. Therefore, the analysis and conclusion of the Magistrate Judge are accepted and the Report and Recommendation[16] is adopted. The Commissioner's decision is **AFFIRMED**.

## ORDER

IT IS HEREBY ORDERED that the Report and Recommendation[17] is ADOPTED and the Commissioner's decision is **AFFIRMED**.

The Clerk shall close the case.

Signed September 28, 2023.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[15] *Id.*

[16] Docket no. 26 at 1-2, filed July 22, 2022.

[17] Docket no. 25, filed July 8, 2022.